1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL GREENE,

11           Petitioner,              No. CIV S-10-2433 LKK DAD P

12      vs.

13   J. W. HAVILAND,

14           Respondents.            FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.

18          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

19   dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to

20   it that the petitioner is not entitled to relief in the district court . . . ."  Rule 4, Rules Governing

21   Section 2254 Cases.  Thus, Rule 4 "'explicitly allows a district court to dismiss summarily the

22   petition on the merits when no claim for relief is stated.'"  O'Bremski v. Maass, 915 F.2d 418,

23   420 (9th Cir. 1990) (quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983)).

24   Moreover, the Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition

25   for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4;

26   a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are

1

1    considered; or a dismissal after consideration of the pleadings and an expanded record."

2          In his habeas petition filed with this court on January 6, 2011, petitioner

3    challenges the August 28, 2008 decision by the California Board of Parole Hearings (hereinafter

4    "Board") to deny him parole at his fourth parole consideration hearing.  (Doc. No. 1 at 21-44.)

5    Petitioner claims that the Board's decision to deny him parole violated his right to due process

6    because it was not supported by "some evidence" that he posed a current danger to society if

7    released from prison, as required under California law.  A review of the record before this court

8    reflects that petitioner's allegations plainly do not entitle him to federal habeas corpus relief.

9    Accordingly, his petition will be dismissed pursuant to habeas Rule 4.

10         The Due Process Clause of the Fourteenth Amendment prohibits state action that

11   deprives a person of life, liberty, or property without due process of law.  A litigant alleging a

12   due process violation must first demonstrate that he was deprived of a liberty or property interest

13   protected by the Due Process Clause and then show that the procedures attendant upon the

14   deprivation were not constitutionally sufficient.  <u>Kentucky Dep't of Corrections v. Thompson</u>,

15   490 U.S. 454, 459-60 (1989).

16         A protected liberty interest may arise from either the Due Process Clause of the

17   United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an

18   expectation or interest created by state laws or policies."  <u>Wilkinson v. Austin</u>,  545 U.S. 209,

19   221 (2005).  <u>See also</u> <u>Board of Pardons v. Allen</u>, 482 U.S. 369, 373 (1987).  The United States

20   Constitution does not, of its own force, create a protected liberty interest in a parole date, even

21   one that has been set.  <u>Jago v. Van Curen</u>, 454 U.S. 14, 17-21 (1981); <u>Greenholtz v. Inmates of</u>

22   <u>Neb. Penal</u>, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted

23   person to be conditionally released before the expiration of a valid sentence.").  However, a

24   state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release

25   will be granted" when or unless certain designated findings are made, and thereby gives rise to a

26   constitutional liberty interest.  <u>Greenholtz</u>, 442 U.S. at 12.  <u>See also</u> <u>Allen</u>, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause.  Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002); see also Swarthout v. Cooke, 562 U.S. ___ , ___, 131 S. Ct. 859, 861-62 (2011) (finding the Ninth Circuit's holding in this regard to be a reasonable application of Supreme Court authority); Pearson v. Muntz, 639 F.3d 1185, 1191 (9th Cir. 2011) ("[Swarthout v.] Cooke did not disturb our precedent that California law creates a liberty interest in parole.")  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout, the Supreme Court reviewed two cases in which California prisoners were denied parole - in one case by the Board, and in the other by the Governor after the Board had granted parole.  Swarthout, 131 S. Ct. at 860-61.  The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures."  Id. at 862.  The Court concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16).  The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence."  Swarthout, 131 S. Ct. at 862.  In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a

/////
/////
/////
/////

1    component of the federal due process standard. Id. at 862-63.[1]  See also Pearson, 639 F.3d at

2    1191.

3              As noted above, petitioner seeks federal habeas relief on the grounds that the

4    Board's 2009 decision to deny him parole, and the findings upon which that denial was based,

5    were not supported by "some evidence" as required under California law.  However, under the

6    Supreme Court's decision in Swarthout this court may not review whether California's "some

7    evidence" standard was correctly applied in petitioner's case.  131 S. Ct. at 862-63; see also

8    Miller v. Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011)

9    ("The Supreme Court held in [Swarthout v.] Cooke that in the context of parole eligibility

10   decisions the due process right is procedural, and entitles a prisoner to nothing more than a fair

11   hearing and a statement of reasons for a parole board's decision[.]"); Roberts v. Hartley, 640

12   F.3d 1042, 1046 (9th Cir. 2011) (under the decision in Swarthout, California's parole scheme

13   creates no substantive due process rights and any procedural due process requirement is met as

14   long as the state provides an inmate seeking parole with an opportunity to be heard and a

15   statement of the reasons why parole was denied); Pearson, 639 F.3d at 1191 ("While the Court

16   did not define the minimum process required by the Due Process Clause for denial parole under

17   the California system, it made clear that the Clause's requirements were satisfied where the

18   inmates 'were allowed to speak at their parole hearings and to contest the evidence against them,

19   were afforded access to their records in advance, and were notified as to the reasons why parole

20   was denied.'")

21   /////

22

23        [1]  In its per curiam opinion the Supreme Court did not acknowledge that for twenty-four
     years the Ninth Circuit had consistently held that in order to comport with due process a state parole
24   board's decision to deny parole had to be supported by "some evidence," as defined in
     Superintendent v. Hill, 472 U.S. 445 (1985), that bore some indicia of reliability.  See Jancsek v.
25   Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987); McQuillion v. Duncan, 306 F.3d 895,
     904 (9th Cir. 2002) ("In Jancsek . . . we held that the process that is due in the parole rescission
26   setting is the same as the Supreme Court outlined in Superintendent v. Hill . . . .")

1        The federal habeas petition pending before the court in this case reflects that

2   petitioner was represented by counsel at his 2009 parole suitability hearing.  (Doc. 1 at 51.)  The

3   record also establishes that at that hearing petitioner was given the opportunity to be heard and

4   received a statement of the reasons why parole was denied by the Board panel.  (Id. at 51-155.)

5   That is all the process that was due petitioner under the Constitution.  Swarthout, 131 S. Ct. 862;

6   see also Miller, 642 F.3d at 716; Roberts, 640 F.3d at 1046; Pearson, 639 F.3d at 1191.

7   Accordingly, the pending petition will be dismissed because it plainly appears from the face of

8   the petition and the exhibits annexed to it that the petitioner is not entitled to federal habeas relief

9   with respect to his due process claim.

10        Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

11   a writ of habeas corpus be dismissed and this action be closed.

12        These findings and recommendations are submitted to the United States District

13   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

14   after being served with these findings and recommendations, petitioner may file written

15   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

16   Findings and Recommendations."  Any response to the objections shall be filed and served

17   within fourteen days after service of the objections.  Petitioner is advised that failure to file

18   objections within the specified time may waive the right to appeal the District Court's order.

19   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20        In any objections he elects to file, petitioner may address whether a certificate of

21   appealability should issue in the event he files an appeal of the judgment in this case.  See Rule

22   11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a

23   certificate of appealability when it enters a final order adverse to the applicant); Hayward v.

24   Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of

25   appealability to review the denial of a habeas petition challenging an administrative decision

26   /////

1  such as the denial of parole by the parole board), abrogated on other grounds in Swarthout v.

2  Cooke, 562 U.S. ___ , 131 S. Ct. 859 (2011).

3  DATED: July 20, 2011.

4

5  _____

6  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

7  DAD:8
   greene2433.100

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6